IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EHTESHAM ALI, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:25-cv-150 (PTG/WEF) |
| | ) | |
| RENA BITTER, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. Dkt. 5. Plaintiff Ehtesham Ali brings a Complaint and Petition for Writ of Mandamus (collectively, "Complaint") before the Court to expedite the processing of his I-130 Petition for Beneficiary for his wife, Murassa Khan. Dkt. 1. Defendants include Rena Bitter and Julie M. Stufft in their official capacity as Assistant Secretaries of the United States Department of State, Bureau of Consular Affairs; and Natalie A. Baker, in her official capacity as the Deputy Chief of Mission at the U.S. Embassy in Islamabad, Pakistan. *Id.* ¶¶ 2-4. The Complaint asserts claims under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702. *Id.* ¶¶ 24-42. Defendants now seek to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, to convert the motion into a summary judgment motion. Dkt. 6 at 1-2. For the reasons set forth below, the Court finds that it lacks jurisdiction and dismisses the Complaint.

1

## FACTUAL BACKGROUND[1]

Plaintiff is a Legal Permanent Resident of the United States. Dkt. 1 ("Compl.") ¶ 1. In January 2018, Plaintiff married Murassa Khan in Pakistan. *Id.* ¶ 13. On November 19, 2018, Plaintiff filed an I-130 Petition for Beneficiary ("spousal visa petition") for his spouse with the United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 14. On January 24, 2020, USCIS approved the spousal visa petition and forwarded it to the United States Department of State, Bureau of Consular Affairs for processing. *Id.* ¶ 15. Plaintiff and his spouse uploaded the necessary documentation to their Consular Electronic Application Center ("CEAC"). *Id.* ¶ 16. On June 25, 2020, Plaintiff's CEAC account posted a message stating that the spousal visa petition was deemed documentarily qualified. *Id.* ¶ 17. On January 18, 2024, Plaintiff's spouse was scheduled to appear for an interview at the embassy in Islamabad, Pakistan. *Id.* ¶ 18. That same day, Plaintiff's spouse received a notice from the Immigrant Visa Unit at the embassy stating her case had been refused under Section 221(g) of the Immigration & Nationality Act ("INA"). *Id.* ¶ 19. The notice requested further documentation, which included Plaintiff's spouse's passport, Plaintiff's W-2 or 2019 IRS tax transcript, and a DS-5535 Supplemental Questions for Visa Applicants. *Id.* Plaintiff's spouse submitted the necessary documentation over the remainder of the calendar year. *Id.* ¶ 20. As of the time of the Complaint, Plaintiff had not received any updates on the visa petition, despite filing numerous inquiries. *Id.* ¶ 21. Consequently, Plaintiff filed the instant action. Dkt. 1.

---

[1] "Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Mowery v. Nat'l Geospatial-Intel. Agency*, 42 F.4th 428, 433 (4th Cir. 2022) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th. Cir. 1991)).

## LEGAL STANDARD

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "[A] dismissal for lack of subject matter jurisdiction 'must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" *Womack v. Owens*, 736 F. App'x 356, 357 (4th Cir. 2018) (quoting *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

## DISCUSSION

The APA permits federal courts to compel "agency action" that has been "unlawfully withheld or unreasonably delayed" when a plaintiff "asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-66 (4th Cir. 2021) (citation omitted) (emphasis in original). However, where an agency has discretion over an action, the Court "cannot compel the agency to act—let alone to act faster." *Id.* at 366. "This clear duty to act is jurisdictional." *Raihanoune v. U.S. Citizenship & Immigr. Servs.*, No. 1:24-cv-219, 2025 WL 510235, at *4 (E.D. Va. Feb. 13, 2025). "The standard for obtaining relief under §

3

706(1) is the same as the standard for obtaining mandamus." *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781 n.25 (E.D. Va. 2015).

Defendants contend that the Court lacks jurisdiction "because Plaintiff cannot establish a clear, non-discretionary duty for the Department of State to re-adjudicate a visa application that has already been refused." Dkt. 6 at 5. The Court agrees.

The relevant regulatory authority states that "a consular officer must either issue the visa [or] refuse the visa under INA 212(a) or 221(g) or other applicable law . . ." and that "[i]f a visa is refused . . . the applicant [may] adduce[ ] further evidence . . . to overcome . . . the refusal . . ." 22 C.F.R. § 42.81(a), (e). In other words, "consular officers have no authority to temporarily refuse, suspend, or hold the visa for future action." *Ramizi v. Blinken*, 745 F. Supp. 3d 244, 260 (E.D.N.C. 2024) (finding that the State Department fulfilled its nondiscretionary duty to adjudicate the application of one of the plaintiff's parents when it refused the visa).

Plaintiff notes that his spouse's application was refused but insists that the refusal was not final. Dkt. 8 at 2-3. However, as this Court made clear in *Raihanoune v. USCIS*—a case with identical facts—"an initial refusal [of a visa application] satisfies the government's obligations with respect to the application." 2025 WL 510235, at *5. Accordingly, the agency's initial review fulfills "any mandatory procedures or clear non-discretionary duty to act." *Id.*; *see also Berenjian v. Blinken*, No. 1:24-cv-663, 2024 WL 3732451, at *3-4 (E.D. Va. Aug. 8, 2024) ("This refusal at the time of the applicant's interview discharges the government's obligations with respect to the application."); *Ameen v. U.S. Dep't of State*, No. 1:23-cv-1397, 2024 WL 3416264, at *3 (E.D. Va. July 15, 2024) ("[Plaintiff] does not raise any mandatory procedures which Defendants failed to follow. To the contrary, an initial refusal followed by further inquiry is consistent with visa statutes and regulations."); *Ramizi*, 745 F. Supp. 3d at 260, 261 ("[A consular officer's] course of

action is binary: issue or refuse . . . Defendants discharged their nondiscretionary duty to adjudicate [p]laintiff['s] visa application when the consular officer refused it after the interview."). "'[T]he possibility of reconsideration of a refusal does not mean that the refusal was not a refusal.'" *Raihanoune*, 2025 WL 510235, at *5 (quoting *Ramizi*, 745 F. Supp. 3d at 261). For these reasons, the Court finds it has no jurisdiction over Plaintiff's claims under the APA and Mandamus Act. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (Dkt. 5) is **GRANTED**. The Complaint is **DISMISSED without prejudice**.

To appeal this decision, Plaintiff must file a Notice of Appeal (NOA) with the Clerk's Office within sixty (60) days of the date of this Order, including in the NOA the date of the Order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

Entered this 27th day of March, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

5